**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

HAROLD SHAWGNESSY SIMS                                    PLAINTIFF

V.                                    4:18CV00656 SWW-JTK

MALENDA WARREN, *et al*.                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.    Introduction

Plaintiff Harold Shawgnessy Sims, currently in custody at the Craighead County Detention Center, filed this pro se 42 U.S.C. § 1983 action against Defendants and a Motion to Proceed In Forma Pauperis, which was granted. (Doc. Nos. 1, 3, 5). Plaintiff alleges that child support enforcement proceedings were brought against him unlawfully and that he was unlawfully sentenced to jail in connection with his child support arrears. (Doc. Nos. 1, 7). Having reviewed Plaintiff's Complaint (Doc. No. 2), the Court finds that Plaintiff's claims should be dismissed for failure to state a claim.

### II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III. Procedural History and Background

Plaintiff sued Office of Child Support Enforcement ("OCSE") Prosecuting Attorney Malenda Warren, Circuit Court Judge Tonya Alexander, and an unidentified OCSE Supervisors (Doc. No. 1). Because the allegations in Plaintiff's complaint were too vague to support a claim for relief, the Court gave Plaintiff an opportunity to amend. (Doc. No. 6). Plaintiff filed an Amended Complaint on October 2, 2018, against the same Defendants in their personal capacities only. (Doc. No. 7). The Court will now screen Plaintiff's complaint, as amended.

Plaintiff alleges that he spoke with someone at the OSCE office who ensured him that he would never do jail time in connection with his child support arrears, so long as he paid what he could. (Doc. No. 7, at 4). Despite that assurance, Malenda Warren apparently initiated child

support enforcement proceedings against him. (*Id*. at 4-8). Plaintiff maintains that Warren's prosecution of the child support case was unlawful. Specifically, he asserts that Warren allowed her family, social, or political relations to influence her decisions and that she obstructed justice. (*Id*. at 8). Plaintiff also alleges that Judge Alexander unlawfully sentenced him to 180 days in jail in the enforcement case. (*Id*. at 4).

**IV. Analysis**

Plaintiff sued an unidentified OSCE supervisor, but failed to include factual allegations against that individual. Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Plaintiff's claims against the Doe Supervisor should, accordingly, be dismissed.

Plaintiff's allegations that Warren unlawfully prosecuted the child support case against him and that Judge Alexander unlawfully sentenced him are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). In <u>Heck v. Humphrey</u>, the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." <u>Heck</u>, 512 U.S. at 486-87. Plaintiff's allegations that he was unlawfully prosecuted and given jail time undermine the validity of his sentence; a judgment in Plaintiff's favor would necessarily imply the invalidity of that sentence. Plaintiff has in no way indicated that his sentence has been reversed, expunged, declared invalid, or called into question by the issuance of a writ of <u>habeas</u> <u>corpus</u>. Accordingly, <u>Heck</u> bars Plaintiff's claims against these Defendants and his claims should be dismissed.

Additionally, as an advocate for the State in a capacity akin to that of a prosecutor, Warren is entitled to absolute immunity from Plaintiff's claims. See Vest v. Battle, No. 4:11-cv-364-DPM, 2011 WL6326088 (E.D. Ark. Dec. 16, 2011). Similarly, "[j]udges performing judicial functions enjoy absolute immunity from § 1983 liability." Robinson v. Freeze, 15 F.3d 107, 108 (8th Cir. 1994). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). Judicial immunity is overcome only when a judge acts outside of his judicial capacity or when his actions are taken in complete absence of all jurisdiction. Id. at 11-12. Sims has not alleged any non-judicial action or complete absence of jurisdiction. Accordingly, Judge Alexander is entitled to immunity.

**V.**     **Conclusion:**

The Court recommends that Judge Wright DISMISS Harold Shawgnessy Sims's Complaint (Doc. Nos. 1, 7), without prejudice, based on his failure to state a claim. Furthermore, Judge Wright should find that the dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g) and should certify that, pursuant to 28 U.S.C. § 1915(a)(3), an in forma pauperis appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

IT IS SO RECOMMENDED this 11th day of October, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE